**Anton BACAJ, et al., Petitioners,**

**v.**

Alberto GONZALES,* Respondent.

No. 03–4625–AG(L), 03–4627–AG(CON) NAC.

United States Court of Appeals,
Second Circuit.

Nov. 8, 2005.

Stanley H. Wallenstein, New York, NY, for Petitioners.

Margaret J. Chriss, Assistant United States Attorney, District of Columbia, for Respondent.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of

Present: WALKER, Chief Judge, CABRANES, and POOLER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION** of this petition for review of the order of the Board of Immigration Appeals ("BIA"), **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review is **DENIED.**

Petitioner Preke Bacaj ("Bacaj"), and his dependents—his wife, Angjelina Livalli Bacaj, and their two sons, Luljan and Anton Bacaj, petition jointly for review of an order of the BIA affirming the decision of an Immigration Judge ("IJ") ordering their removal to Albania and denying their application for asylum and withholding of removal. We assume the parties' familiarity with the facts and procedural history of the case.

We review an IJ's factual findings under the substantial evidence standard, and, as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Roasales v. I.N.S.*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). In order to be eligible for asylum, an applicant must show that he is a refugee by "establishing that he is unable or unwilling to return to [his home country] because he experienced past persecution or has a well-founded fear of persecution on account of" one of five enumerated grounds: "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); *see also Liao v. United States Dep't of Justice*, 293 F.3d 61, 66 (2d Cir.2002).

the United States. *See* Fed. R.App. P. 43(c)(2).

The IJ's decision to deny Bacaj and his family relief was based on substantial evidence. The adverse credibility determination was supported by: (1) the Investigation Report from the Embassy in Tirana, calling into question the authenticity of the birth certificates of Bacaj and his wife; (2) the fact that Bacaj's 1988 record of conviction states that he was the father of two children, when he only had one child in 1988; (3) the fact that the birth certificate of Bacaj's wife referred to her by her married name, not her maiden name; and (4) the discrepancy between Bacaj's testimony that his parents lived in the former Yugoslavia and the fact that the 1996 certificate was issued to Bacaj's father in Albania. Bacaj is mistaken in asserting that the IJ ignored his evidence and relied exclusively on the Investigation Report; rather, the IJ took into consideration the totality of Bacaj's testimony, the evidence he presented, and the Government's report lending doubt to that evidence. Furthermore, the IJ gave Bacaj an opportunity to explain, both on cross-examination and direct, the inconsistencies noted above and the reason that the Investigation Report had determined that the birthplace of Bacaj and his wife was Albania. Because Bacaj and his family failed to establish entitlement to asylum, their claim for withholding of removal necessarily fails. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004).

For these reasons, the petition for review is DENIED.